## IN THE MATTER OF THE ASSIGNMENT OF E. V. WHITE.

*Mortgage of personal property—Power of disposition reserved—Exemption.*

A mortgage of personal property, with possession, and a power of disposition reserved to the mortgagor by parol agreement between him and the mortgagee, is void as against his other creditors.

The wife of such mortgagor (he having made an assignment for the benefit of creditors after filing said mortgage) is entitled to an exemption in lieu of homestead.

*Decided February 25, 1888.*

THIS case was submitted on an agreed statement of facts, from which it appears that the assignor, who was engaged in business, and being indebted to Charles Luhrman, John B. Doogan, and William T. White, executed and delivered on November 26, 1887, to Charles Luhrman, a chattel mortgage upon the stock

and goods contained in his store, and on December 3, 1887, executed and delivered to John B. Doogan a chattel mortgage upon the same stock, and on December 16, 1887, executed and delivered to William T. White a chattel mortgage upon the same stock. These mortgages were all filed on the day they were executed.

On the 16th day of December, 1887, and after the filing of the last mortgage, he made an assignment for the benefit of his general creditors. The property having been sold and the funds now ready in the hands of the assignee for distribution, a contention has arisen between the general creditors and the mortgagees as to the validity of the mortgages.  .

From the agreed statement it further appears that the assignor continued in the business and in possession of the goods after executing and delivering the chattel mortgages to Luhrman and Doogan, and continued to sell goods at retail in the usual way with the knowledge and consent of the two mortgagees, the amount realized from such sales being used by the assignor in payment of the expenses in running said business and in supporting and maintaining his family; that these facts were well known to, and acts done with the consent of Luhrman and Doogan.

*A. L. Rollwagen* and *Oliver B. Jones*, for mortgagees.

*W. E. Jones*, for creditors.

GOEBEL, J.

We think this case comes within the ruling made in *Freeman* v. *Rawson*, 5 O. St. 1, and *McElroy* v. *Meyers et al.*, 16 Ohio 547, where it was held that a mortgage of personal property, with possession and a power of disposition reserved to the mortgagor, is fraudulent, and void as against his other creditors. If the power of disposition does not appear on the face of the mortgage, but is so understood and agreed by the parties, it is equally void, and such agreement may be shown by parol evidence, and may be proved by the conduct of the parties in relation to the subject-matters of the mortgage and other circumstances, as in other cases. Such mortgage is fraudulent, irrespective of the intention of the parties.

We think that this ruling, however, does not apply to the mortgage of William T. White, for the same state of facts does not appear as against his mortgage. It must follow that the mortgages to Luhrman and Doogan are void as against general creditors, and that they are not entitled to the priority claimed therefor.

The court having held that the two mortgages are void as against creditors, is the wife entitled to an exemption? The statutes authorizing her to select confer no right to select where a debtor himself could not. *Gibson* v. *Mundell*, 29 O. S. 523, 528; *Hanes* v. *Tiffany*, 25 O. S. 549, 554. Could he have claimed an exemption? We think he could. True,

the mortgages have been declared void, but only as against creditors. They are valid as against the mortgagor. In opposition to these mortgages, he could claim no exemption. *Hanes* v. *Tiffany, supra.* Between the parties to a mortgage, whether it be duly executed and not recorded, or defectively executed and recorded, or not, equity will give it effect according to the intention of the parties. *Van Thornily* v. *Peters, et al.,* 26 O. S. 471, 474. The liens of the mortgagees are postponed to those of the general creditors.

The two mortgages being wiped out for the time being, so far as the creditors are concerned the case stands as if no mortgage had been given. If that be true, then clearly under the statute, the assignor or his wife are entitled to the exemption.

Neither the assignor nor his wife made any demand for an exemption before sale. Where the law required the debtor to select, in order to entitle him to hold certain property exempt from execution, it was held that the selection should be made at the time of the levy, if the debtor were present, but if not present, then it should be made within a reasonable time thereafter and before sale; otherwise the right to select would be deemed waived. *Frost, Jr.,* v. *Shaw,* 3 O. S. 270.

Exemption may be waived, and delay may operate as a waiver. *Butt* v. *Green,* 29 O. S. 667; *Close* v. *Sinclair,* 38 O S. 530, 533.

In this case we think there was no waiver, nor an opportunity to make the selection before sale. The status of the assignor or his wife as to the right of an exemption, was not ascertained until the court held the mortgages void. At the time of the sale they were not entitled to an exemption, and hence they could not have waived or made the selection. The statute on this subject should be liberally construed. *Sears* v. *Hanks*, 14 O. S. 298.

An order will be made directing the assignee to pay, first, the mortgage claim of William T. White; second, to the wife of the assignor $500 in lieu of a homestead; third, general creditors; fourth, the mortgage of Luhrman; fifth, the mortgage of Doogan.